IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD ASKEW,** | : | CIVIL ACTION |
| **PETITIONER** | : | |
| | : | |
| v. | : | |
| | : | |
| **RAYMOND J. SOBINA, ET.AL.** | : | |
| **RESPONDENTS** | : | NO. 06-2570 |

**Norma L. Shapiro, S.J.**                                                                                 **March 20, 2007**

### MEMORANDUM AND OPINION

Petitioner Richard Askew filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. United States Magistrate Judge Linda K. Caracappa entered a Report and Recommendation ("R&R") that the petition be denied. Askew filed timely objections to this R&R. For the reasons discussed in this Memorandum, the R&R is approved, and the petition is denied.

**I. BACKGROUND**

Petitioner was arrested in Philadelphia on June 12, 1998 and charged with possession of a controlled substance with intent to deliver, conspiracy and possession of drug paraphernalia. Petitioner failed to appear for his trial in November 1998, and he claims he was in "grave danger" at that time. Pet'r Obj. at 6. A bench warrant was issued; the Philadelphia police allegedly made extensive efforts to locate him, but he remained a fugitive and did not appear for his rescheduled trial in July 1999. Commw. Response at 1. Petitioner was tried *in abstentia* and found guilty by a jury on July 21, 1999, and the trial court sentenced Petitioner to an aggregate

term of 16 to 32 years imprisonment.[1]  Commonwealth v. Askew, No. 1361 EDA 2004, slip op. at 1 (Pa. Super. May 24, 2005)(non-precedential).

Petitioner did not file post-sentence motions or a direct appeal from this sentence. After he was apprehended in August 2000, the trial court imposed a new aggregate sentence of 10 to 20 years imprisonment. Petitioner did appeal this sentence; on June 5, 2001, the Superior Court held the trial court lacked jurisdiction to re-sentence Petitioner and remanded for reinstatement of the original sentence. Commonwealth v. Askew, No. 3229 EDA 2000 (Pa. Super. 2001), appeal denied, 567 Pa. 574 (2001). After the Pennsylvania Supreme Court denied the petition for allowance of appeal, the trial court reinstated Petitioner's original sentence on June 6, 2002.

Petitioner sought relief from the reinstated sentence under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §9541 *et seq*. The PCRA and Superior Court both held Petitioner's judgment of sentence became final on August 20, 1999, thirty days after the entry of the original judgment of sentence; the petition was dismissed as untimely under the PCRA one-year statute of limitations.[2]  Commonwealth v. Askew, No. 1361 EDA 2004, slip op. at 7. On October 6, 2005, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.

This petition for a writ of habeas corpus was filed on June 15, 2006. Petitioner asserts four claims: 1) an illegal sentence was imposed outside the sentencing guidelines; 2) ineffective assistance of counsel for failing to file a direct appeal when requested to do so by petitioner and

---

[1] Petitioner was sentenced to consecutive imprisonment terms of 10 to 20 years for possession of a controlled substance with intent to deliver; five to ten years for conspiracy; and one to two years for possession of drug paraphernalia.

[2] 42 Pa.C.S.A. §9545(b).

his family members; 3) governmental interference with his right to appeal ("respondents prolonged the required period for petitioner to appeal, by keeping petitioner before their court passed [sic] the one year time bar A.E.D.A. [sic]"); and 4) trial court error in trying petitioner *in abstentia* "without affording him a full and fair hearing to determine what interfered with him to appeal/stand trial".

## II. REPORT AND RECOMMENDATION; OBJECTIONS

Judge Caracappa's R&R recommended denial of the petition on grounds that the petition was untimely filed and there was no basis for statutory or equitable tolling. R&R at 3-5. In his objections to the R&R, Petitioner claims he failed to appear at his trial because he was in "grave danger...of his life," but he does not offer any specifics. He also claims he was denied effective assistance of counsel because his attorney did not contest the sentence in post-trial motions or file an appeal, even though he was asked to do so by Petitioner and his family.

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits the time for filing a writ of habeas corpus to one year. 28 U.S.C. §2244(d). This limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

Petitioner was convicted and sentenced on July 21, 1999. In order to preserve his rights, Petitioner had 30 days from judgment of sentence to file a notice of appeal with the Pennsylvania Superior Court. Pa.R.Crim.P. 720. His conviction and judgment of sentence became final under AEDPA on August 20, 1999, thirty days after the expiration of the time for taking an appeal. 28 U.S.C. §2244(d)(1)(A). Petitioner had one year from this date, until August 20, 2000, to file for a writ of habeas corpus. Petitioner's filing with this court on June 15, 2006 was untimely and is barred by AEDPA unless he can demonstrate a basis for statutory or equitable tolling of AEDPA's one-year limitations period.

AEDPA provides for tolling its limitations period when a properly filed application for state post-conviction relief is pending. 28 U.S.C. 2244(d)(2). A "properly filed" application is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a state court dismisses an application for post-conviction relief as untimely, it is not a "properly filed application." Pace v. DiGuglielmo, 544 U.S. 408 (2005).

This action is indistinguishable from Pace. In Pace, the petitioner pleaded guilty to second-degree murder in a Pennsylvania state court. He did not file a motion to withdraw his guilty plea, and he did not file a direct appeal. He filed an initial PCRA petition, and the Pennsylvania Supreme Court ultimately denied his untimely request for discretionary review. A second PCRA petition was filed four years later, and that petition was denied as untimely; his

federal habeas petition was filed within one year of the denial of the untimely PCRA petition. Since a post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of §2244(d)(2), Id. at 414, no statutory tolling under AEDPA was applicable; the federal petition was dismissed as time barred. The facts in this action are substantially similar to those in Pace, and the same conclusion is compelled.

There is also no basis for equitable tolling of the limitations period. The Supreme Court has never expressly addressed whether equitable tolling is applicable to AEDPA's statute of limitations. Pace, 544 U.S. at 418, n.5; Lawrence v. Fla., 127 S.C.t 1079, 1085 (2007). Our Court of Appeals has recognized equitable tolling, Fahy v. Horn, 240 F.3d 239 (3d Cir. 2001), but has cautioned that it should be sparingly used. Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Only "extraordinary circumstances" preventing a petitioner from timely filing a habeas petition will justify equitable tolling. Id. at 276.

Petitioner has not demonstrated circumstances sufficiently "extraordinary" to excuse his failure to file an appeal or appear at trial. He does not claim notice of the trial was improper or insufficient. Instead, he contends he and his family requested counsel to file an appeal; if so, he and his family knew or should have known long ago that an appeal was not being filed and could have taken action to preserve Petitioner's rights. He contends his counsel was ineffective for this failure, but mere excusable neglect, attorney error, or other mistakes do not rise to the "extraordinary circumstances" sufficient to warrant equitable tolling. Id. at 276; Lawrence v. Fla., 127 S.Ct. at 1085.

Petitioner's appeal became final in 1999. There is no basis for statutory or equitable tolling of this limitations provision. To grant a writ in these circumstances would permit

Petitioner to circumvent mandatory state procedural requirements and benefit from his prior status as a fugitive from justice.

      The Report and Recommendation of Magistrate Judge Caracappa will be approved, and the petition will be denied.  An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD ASKEW** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **RAYMOND SOBINA, ET AL.** | : | **NO. 06-2570** |

**ORDER**

      **AND NOW**, this 20th day of March, 2007, upon consideration of Magistrate Judge Caracappa's Report and Recommendation, Petitioner's objections thereto, and all other relevant papers, for the reasons set forth in the accompanying memorandum, it is **ORDERED**:

      1. The Report and Recommendation (Paper #12) is **APPROVED**.

      2. The objections filed by Petitioner (Paper #15) are **OVERRULED**.

      3. The Petition for Writ of Habeas Corpus (Paper #1) is **DENIED and DISMISSED** with prejudice.

      4. Because Petitioner has failed to make a substantial showing of the denial of a Constitutional right, there is no basis for issuing a certificate of appealability.

                                              /s/ Norma L. Shapiro
                                                                              S.J.